Filed 4/16/13  P. v. Soto CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B242666 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA072351) |
| v. | |
| JERSON A. SOTO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daniel B. Feldstern, Judge.  Affirmed.

Jonathan P. Fly, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \*

At around 8:20 a.m. on June 8, 2011, F.M. and his teenage daughter were walking along Glenoaks Boulevard in San Fernando when two Hispanic teenage boys approached and asked F.M. where he was from. F.M. was not a gang member, but he knew this question was asked to determine what gang he belonged to. F.M. replied, "I don't bang, I'm not from nowhere." The two youths then said, "Fuck San Fer. Pacoima Flats." A third youth, 17-year-old Jerson A. Soto, came out from behind a nearby bush. Soto stopped about two feet away from F.M., pointed a handgun at him and said, "Fuck San Fer. Pacoima Flats. I'll kill you."

F.M. froze, then moved his daughter behind him. The three youths then walked off and F.M. used his mobile phone to call 911 and report the incident. Several San Fernando police officers responded to the call and within minutes located the three youths. Officer Paul Ventimiglia spotted Soto walking along a street with a gun in his hand. Soto ran and tried to throw the gun away, but it bounced off a nearby wall back into his hand. Ventimiglia then saw Soto toss the gun over that wall. Another officer recovered the gun, which was a Browning .22-caliber semiautomatic with one live round in the chamber and six live rounds in the magazine.

Soto was arrested and taken to the police station. Officer Ventimiglia read Soto his *Miranda*[1] rights, and Soto said he understood them. Ventimiglia then interviewed Soto, who admitted approaching F.M. with the gun. According to Soto, he saw his two companions arguing with F.M. and approached F.M. to provide backup in case they needed it. Soto said he did not pull out the gun and point it at F.M., but instead simply showed F.M. the gun, which was tucked inside the waistband of Soto's boxer shorts. Soto claimed he told F.M., "If you got a problem with my home boys, I'll blast you." Soto admitted that he was a member of the Pacoima Flats gang.

Soto was charged in an amended information with three counts: assault with a semiautomatic firearm (Pen. Code, § 245, subd. (b)); possession by a minor of a

---

[1] *Miranda v. Arizona* (1966) 384 U.S. 436.

concealed firearm (§ 12101, subd. (a)(1)); and making criminal threats (§ 422). The information also alleged that the first and third counts were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(B)).

At trial, F.M. testified as set forth above. He also testified that he was familiar with firearms and that he recognized that the gun Soto pointed at him was a Browning .22-caliber semiautomatic because he had seen such a weapon before. He also identified the gun that the police found as the one Soto had used.

A police gang expert testified that the Pacoima Flats gang shares a border with its rival, the San Fer street gang. According to the expert, the primary activities of Pacoima Flats include murder, robbery, vandalism, kidnapping, and other serious and violent crimes. The incident with F.M. took place about one-fourth mile inside San Fer territory. The expert testified about two other Pacoima Flats members who had been convicted of serious crimes – robbery and being a felon in possession of a firearm. The expert testified that based on tattoos on Soto's body and other information known to him that Soto was a member of Pacoima Flats. Given a hypothetical state of facts that squared with F.M.'s testimony, the expert opined that the conduct would have been committed for the benefit of the assailant's gang.

Soto testified against the advice of counsel. He admitted that: he was a minor on the date of the incident; he was a member of Pacoima Flats; he approached F.M. in order to back-up his two fellow gang members because he was concerned they needed his help in a confrontation with an older, larger man; and he understood his *Miranda* rights when they were read to him. He disputed pointing the gun at F.M. or saying "I'll kill you." Instead, he claimed that he showed F.M. the gun in his waistband, and said that if F.M. had a problem with his friends, then he would "blast him."

The jury deliberated just under two hours before finding Soto guilty of all three counts. The trial court imposed a combined state prison sentence of 15 years, along with various fines.

3

Soto filed a notice of appeal.  On December 26, 2012, his appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised.  The brief included a declaration from counsel that he had reviewed the record and had sent Soto a letter advising him that such a brief would be filed and that he could file a supplemental brief if he chose to.  That same day, this court sent Soto a letter advising him that a *Wende* brief had been filed and that he had 30 days to submit a brief raising any issues he wanted us to consider.  Soto's appointed appellate counsel asked for an extension of time for Soto to file a supplemental brief, and we granted an extension to February 25, 2013.  No supplemental brief was ever filed, however.

We have examined the entire record and are satisfied that Soto's attorney has fully complied with his responsibilities and that no arguable issues exist.  (*Smith v. Robbins* (2000) 528 U.S. 259; *Wende, supra,* 25 Cal.3d 436.)

**DISPOSITION**

The judgment is affirmed.

RUBIN, Acting P. J.

We concur:

FLIER, J.

GRIMES, J.

4